# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

CV-10-5695
(CBA)

## VINOD PATEL,

*Petitioner,*

*against*

## D. MARTUSCELLO,

*Respondent.*

## RESPONDENT'S AFFIDAVIT AND MEMORANDUM OF LAW IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS

**KATHLEEN M. RICE**
*District Attorney, Nassau County*
*Attorney for Respondent*
262 Old Country Road
Mineola, NY 11501
(516) 571-3800

Tammy J. Smiley
Donald Berk
    Assistant District Attorneys
    *Of Counsel*

# T A B L E   O F   C O N T E N T S

Page

Affidavit in Opposition to Petition for a Writ
Of Habeas Corpus ............................................ i-xiii

Respondent's Memorandum of Law
Statement of Facts
      Introduction ............................................ 1
      The Plea ............................................... 2
      The Sentence ........................................... 6
      The Motion to Vacate Judgment .......................... 9
      The Direct Appeal ...................................... 11
      The Petition for a Writ of Habeas Corpus ............... 13

Point One
      Petitioner's Sentencing Statement Reaffirming,
      And Declining To Withdraw, His Guilty Plea
      Because It Was Easier On His Family For
      Him To Plead Guilty Than To Go To Trial Did Not
      Render His Plea Involuntary; His Claim To The
      Contrary Is Procedurally Barred And Meritless .......... 14

Point Two
      Petitioner's Prison Sentence Was Well Within
      The State Statutory Limit And Does Not Present
      A Federal Constitutional Question ...................... 20

Point Three
      The Term Of Petitioner's Post-Release Supervision
      And The Duration Of The Order Of Protection In
      Favor Of His Daughter Were Within The State
      Statutory Limit And Do Not Present Federal
      Constitutional Questions For Review In A
      Habeas Petition ........................................ 24

Point Four
      Petitioner's Claim That His Attorneys Provided
      Ineffective Assistance Of Counsel Because They
      Did Not Investigate The Possibility Of A Federal
      Prosecution Against Him Is Procedurally Barred And
      Meritless .............................................. 27

Point Five
  The Record Establishes That Petitioner Fully
  Understood The Rights He Was Waiving And
  The Charges To Which He Was Pleading; Moreover
  His Claim To The Contrary Is Procedurally
  Barred Because He Did Not Raise It In The
  Highest State Court From Which A Decision
  Could Be Had ......................................... 34

Point Six
  Petitioner's Claims That He Was Not Afforded A
  Preliminary Hearing, Timely Indictment, And Speedy
  Trial Are Procedurally Barred, Forfeited, And Do
  Not Raise Constitutional Questions ..................... 38

Point Seven
  The Prosecutor Did Not Commit Misconduct
  During The Plea And Sentencing Proceedings;
  Petitioner's Contention To The Contrary Is
  Procedurally Barred And Meritless ...................... 42

Point Eight
  Petitioner's Various Claims That His Plea
  Was Obtained Due To Duress, Misrepresentation,
  Or Fraud Are Meritless ................................. 46

Point Nine
  Petitioner's Claim That His Post-Arrest
  Statements Were Unconstitutionally Obtained
  Is Procedurally Barred And Forfeited ................... 49

Point Ten
  Petitioner's Claim Of Actual Innocence And
  The Failure To Properly Investigate Evidence
  Of His Supposed Innocence Is Meritless ................. 52

Point Eleven
  Petitioner's Contention That His Period Of
  Post-Release Supervision Should Have Been
  Included Within His Fifteen-Year Term Of
  Incarceration Is Procedurally Barred And
  Meritless ............................................. 57

Conclusion ............................................... 60

Certificate of Service

Notice Regarding the Filing of Exhibits in Paper Form

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

VINOD PATEL,                                          AFFIDAVIT IN OPPOSITION
                                                      TO PETITION FOR A
                              Petitioner,             WRIT OF HABEAS CORPUS

            - against -
                                                      10-CV-5695 (CBA)
D. MARTUSCELLO,

                              Respondent.
----------------------------------------x
STATE OF NEW YORK )
                  )  ss.:
COUNTY OF NASSAU  )

    TAMMY J. SMILEY, being sworn, deposes and states as follows:

    1.  I am an assistant district attorney, of counsel to the District Attorney of the County of Nassau, and am admitted to practice before this Court.

    2.  This affidavit is submitted pursuant to the order of this Court, dated December 29, 2010, directing respondent to show cause why petitioner should not be granted a writ of habeas corpus.

    3.  Unless otherwise indicated, this affidavit is made upon information and belief, based upon the records and files of the Nassau County District Attorney's Office and my communications with Assistant District Attorney Donald Berk.

    4.  By agreement with the Office of the New York State Attorney General, the Nassau County District Attorney's Office is representing respondent in this matter.

5.   Between March 2004 and October 2005, at his home in East Meadow, Nassau County, New York, petitioner committed at least three instances of sexual contact against his biological daughter.   On March 1, 2004, petitioner engaged in sexual intercourse with his daughter, who was nine years old.   On September 12, 2005, petitioner placed his penis in his daughter's vagina and mouth.   And, on October 5, 2005, petitioner placed his penis in his daughter's mouth.

6.   For this conduct, petitioner was charged, by Nassau County Indictment No. 2335N-06, with rape in the first degree (New York Penal Law [hereinafter N.Y.P.L.] 130.35[4]), criminal sexual act in the first degree (N.Y.P.L. § 130.50[4]) (two counts), and incest in the third degree (N.Y.P.L. § 255.25).

7.   On November 30, 2006, petitioner pled guilty to all four counts in the indictment.   In exchange for his plea, the court (Kase, J., at plea and sentence) promised petitioner that it would sentence him to a prison term of fifteen years, to be followed by five years' post-release supervision, for the rape and criminal sexual act counts and an indeterminate term of one and one-third to four years in prison on the incest count, with all counts running concurrently with each other.   The court also promised to run the sentence concurrently with pending Queens County, New York, Superior Court Information No. 2473-06, to

ii

which petitioner had previously pled guilty to two counts of possessing a sexual performance of a child (N.Y.P.L. § 263.16)[1] and was awaiting sentencing.   Petitioner pled guilty with the further understanding, outlined at the plea proceeding by his counsel and the prosecutor, that a pending investigation by the United States Attorney's Office for the Eastern District of New York into petitioner's uploading of sexually explicit photographs of him and his daughter and the internet transmission of those photographs would be terminated and petitioner would not be subject to a federal prosecution for those acts.   In fact, no such prosecution ensued.

   8.  Petitioner, with his counsel, appeared for sentencing on January 11, 2007.   The court read into the record a letter from petitioner's wife, in which she stated that, despite the sexually explicit photographs of petitioner and their daughter, she claimed that petitioner was innocent of the charges against him.   The court asked petitioner whether he wanted to withdraw his guilty plea.   After consulting with his counsel, petitioner stated that he was reaffirming his pleas because it was "easier" on his family.   The court then sentenced petitioner to an

---

[1] The Queens charges stemmed from the discovery of sexually explicit photographs of petitioner and his daughter that were discovered on petitioner's office computer.

iii

aggregate term of fifteen years' imprisonment to be followed by five years of post-release supervision. The court also issued a final order of protection, to remain in effect until March 2024, in favor of petitioner's daughter. The court ordered petitioner's sentence to run concurrently with the sentence pending in Queens County.

9.   Petitioner filed a timely notice of appeal on January 16, 2007.

10.   On September 10, 2009, before perfecting his direct appeal, petitioner filed, in the state court, a motion to vacate his judgment pursuant to New York Criminal Procedure Law [hereinafter C.P.L.] § 440.10, alleging three grounds for relief: his plea was not knowing, voluntary, and intelligent; he received ineffective assistance of counsel; and his post-arrest statements to police were obtained in violation of his constitutional rights.

11.   The prosecution opposed the motion, arguing that the transcripts of petitioner's plea and sentencing proceedings showed that petitioner's plea was voluntary and that he received effective assistance of counsel, and that, by pleading guilty, petitioner had largely forfeited his ineffective-assistance claim.

12.   On February 19, 2010, the Supreme Court summarily denied petitioner's motion in all respects.   The court found, upon examining the minutes of the plea proceeding, that petitioner pleaded guilty voluntarily, and that petitioner's failure to take advantage of the court's offer, at the sentencing proceeding, to allow him to withdraw his plea further indicated that the plea was entered voluntarily.   The court also held that, because petitioner received an advantageous plea bargain, he received meaningful representation from his counsel. Finally, the court found that, by pleading guilty, petitioner waived his right to challenge the voluntariness of the statements he made to the police.   <u>People v. Patel</u>, Ind. No. 2335N-06, Motion No. C-576 (Supreme Court, Nassau County) (Kase, J.).   Leave to appeal to the New York Supreme Court, Appellate Division, Second Department (hereinafter "Appellate Division"), from the February 19, 2010 order, was denied by a justice of that court on May 13, 2010.   Petitioner's request for reconsideration of that denial was denied on August 12, 2010.

13.   On or about October 30, 2009, petitioner, represented by counsel, perfected his direct appeal from the judgment of conviction to the Appellate Division.   In his brief, he raised the following claims: his statement at his sentencing proceeding that he was reaffirming his guilty plea because it was "easier

v

on my family" (Minutes of Sentencing Proceeding, at 11) and the letters from his wife and daughter submitted prior to his sentencing cast significant doubt on the voluntariness of his plea; his fifteen-year sentence was excessive; and, the duration of the order of protection and post-release supervision were excessive. Petitioner also filed a pro se supplemental brief on his own behalf. In that brief, petitioner raised the following claims: he received ineffective assistance of counsel that rendered his plea invalid; his plea was not knowing, intelligent, or voluntary; he was deprived of his rights to a timely indictment and speedy trial; and, the prosecutor committed misconduct in her statements at the plea and sentencing proceedings.

14. In an order and decision dated June 15, 2010, the Appellate Division unanimously affirmed petitioner's judgment of conviction. People v. Patel, 74 A.D.3d 1098 (2d Dept. 2010). The court held as follows: petitioner's contention regarding his plea was unpreserved for appellate review, and, in any event, his plea was knowing and voluntary; petitioner had no basis to complain about the length of his sentence because it was the result of a negotiated plea bargain, and that the sentence was not excessive; the trial court providently exercised its discretion in determining the duration of the order of

protection; the trial court understood its sentencing discretion in imposing the period of post-release supervision, and petitioner had agreed to that term during the plea proceeding; and petitioner's claim of ineffective assistance of counsel was forfeited by his plea of guilty, and, to the extent it could evaluate his claim from the record, his attorney provided him with effective assistance at the plea proceeding. The court also found that petitioner's other contentions were meritless. Id.

   15. Petitioner applied for leave to appeal to the New York Court of Appeals. He raised the same issues raised in his attorney's brief to the Appellate Division: his plea was involuntary because of his statement at sentencing that he did not want to withdraw his plea because it was "easier" on his family; his sentence was excessive; and both the term of his post-release supervision and the duration of the order of protection in favor of his daughter were too long. Petitioner did not advance any of the issues raised in his supplemental brief. Petitioner's application was denied by a justice of that court on September 29, 2010. People v. Patel, 15 N.Y.3d 854 (2010) (Graffeo, J.). Petitioner did not petition the United States Supreme Court for a writ of certiorari.

16. Petitioner now seeks federal habeas corpus relief, citing eleven grounds of error. Specifically, petitioner argues as follows: 1) there is significant doubt that his plea of guilty was voluntary because of his statement at his sentencing proceeding that he was reaffirming his guilty plea and did not want to withdraw it because it was "easier" on his family, and the exculpatory letters from his wife and daughter; 2) his sentence is excessive; 3) his term of post-release supervision and duration of the order of protection in favor of his daughter are excessive; 4) his guilty plea was coerced by the threat of federal prosecution that his attorneys ineffectively failed to investigate; 5) his plea was not knowing, voluntary, and intelligent due to the ineffective assistance of his attorneys; 6) he was deprived of his right to a speedy indictment and a speedy trial; 7) there was prosecutorial misconduct at his plea and sentencing proceedings; 8) there was duress, fraud, or misrepresentation during the plea-bargaining process that caused his plea to be invalid; 9) his post-arrest statements to the police were obtained illegally; 10) evidence of his actual innocence was not properly investigated or considered; and 11) his period of post-release supervision was improperly calculated to begin after his period of incarceration is completed.

17.  Petitioner's application for habeas corpus relief should be denied.  The petition is timely; however, all of his grounds requesting relief are meritless, and several should be deemed exhausted and procedurally barred and/or forfeited. Several others do not raise a true constitutional question, and others are barred by independent and adequate state procedural grounds.

18. Because petitioner never moved to withdraw his plea, his claim that his plea was involuntary because of a statement he made at his sentencing proceeding and exculpatory letters from his wife and daughter is procedurally barred from habeas consideration.   The claim is also meritless because his statement and his family's letters did not call into question the voluntariness of his plea.

19.  Petitioner's claim that his fifteen-year sentence of imprisonment was excessive does not present a federal constitutional question because the prison term was within the state statutory guideline and significantly less than the maximum term.

20.  Similarly, petitioner's claims that the term of his post-release supervision and the duration of the final order of protection in favor of his daughter were excessive also do not

present federal constitutional questions because they were within the state statutory limit.

21. Petitioner's claim that his attorneys did not provide him with effective assistance of counsel because they did not investigate the possibility and viability of a federal prosecution against him is procedurally barred because the state court relied upon an independent and adequate basis to deny the claim -- by pleading guilty, petitioner forfeited any claim of ineffective assistance of counsel that did not directly involve the plea bargaining process. This contention is also meritless because petitioner's attorneys did investigate the potential federal prosecution.

22. Petitioner's claim that, when he pleaded guilty, he did not understand the rights he was waiving or the charges to which he was pleading is contradicted by the record of the plea proceeding. Contrary to his claim, petitioner's "Yes" and "No" answers during the plea proceeding were sufficient to establish that his plea was knowing and voluntary, and that he fully understood its consequences.

23. Petitioner's claims that he did not receive a preliminary hearing, a timely indictment, and a speedy trial do not present federal constitutional questions and they are procedurally barred because petitioner did not exhaust all

x

available state court remedies for review of these claims. In addition, by pleading guilty, petitioner forfeited these claims.

24. Petitioner's claims that the prosecutor committed misconduct in her statements at the plea and sentencing proceedings are procedurally barred because he did not exhaust all available state court remedies and because petitioner did not present a federal constitutional claim in state court. In any event, the claim is meritless.

25. Petitioner's various claims, originally made in his motion to vacate judgment, that his plea was the result of duress, fraud, and misrepresentation committed by the court, prosecutor, and defense attorneys are meritless.

26. Petitioner's claim that his post-arrest statements to law enforcement authorities were obtained in violation of his constitutional rights is procedurally barred because he never raised this issue prior to his plea. And, by pleading guilty, petitioner forfeited this claim.

27. Petitioner's belated claim of actual innocence and his attorneys' failure to investigate that possibility is meritless.

28. Petitioner's claim that his period of post-release supervision should have been included within his fifteen-year period of imprisonment is procedurally barred and meritless.

29. Pursuant to this Court's order dated December 29, 2010, respondent is providing this Court with the following documents: the transcripts of petitioner's plea and sentencing proceedings and petitioner's court appearance on September 13, 2006; petitioner's motion to vacate judgment, respondent's affirmation in opposition, petitioner's reply, and the Nassau County Supreme Court's decision, dated February 19, 2010; petitioner's application to the Appellate Division for leave to appeal from the denial of his motion to vacate judgment, respondent's affirmation in opposition, petitioner's reply to that affirmation, and the Appellate Division's denial of that motion; petitioner's motion to reargue the denial of leave to appeal, respondent's opposition papers, and the Appellate Division's denial of it; petitioner's and respondent's appellate briefs; petitioner's and respondent's supplemental briefs, petitioner's supplemental reply brief, and the Appellate Division's decision affirming the judgment; petitioner's motion to reargue the appeal and the Appellate Division's denial of that motion; and, petitioner's leave application to the New York Court of Appeals, respondent's opposition papers and the certificate of the New York Court of Appeals denying leave to appeal.

WHEREFORE, and for the reasons set forth in the accompanying memorandum of law, petitioner's application for a writ of habeas corpus should be summarily denied.

_____
TAMMY J. SMILEY

Sworn to before me this
4th day of April, 2011

_____
Notary Public

MARIE L MURPHY
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #01MU4939165
COMM. EXP. 08/01/14

xiii

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

VINOD PATEL,

                              Petitioner,
              - against -
                                              CV-10-5695

D. MARTUSCELLO,

                              Respondent.
----------------------------------------x


### RESPONDENT'S MEMORANDUM OF LAW


                    Respectfully submitted,

                    Kathleen M. Rice
                    District Attorney, Nassau County
                    Attorney for Respondent
                    262 Old Country Road
                    Mineola, New York 11501
                    (516) 571-3800




Tammy J. Smiley
Donald Berk
Assistant District Attorneys
     of Counsel

STATEMENT OF FACTS

Introduction

On March 1, 2004, in Nassau County, New York, petitioner, who was forty-five years old, engaged in sexual intercourse with his nine-year-old biological daughter. On September 12, 2005, in East Meadow, Nassau County, New York, petitioner placed his penis in his daughter's vagina and mouth. And, on October 5, 2005, also in East Meadow, New York, petitioner placed his penis in his daughter's mouth.

For this conduct, petitioner was charged, by Nassau County Indictment 2335N-06, with the class B violent felonies of rape in the first degree (N.Y.P.L. § 130.35[4]) and criminal sexual conduct in the first degree (N.Y.P.L. § 130.50[4]) (two counts), and the class E felony of incest in the third degree (N.Y.P.L. § 255.25).

On November 30, 2006, petitioner pled guilty to all four counts of the indictment. The court promised him that he would be sentenced to a total of fifteen years' incarceration and five years of post-release supervision, and informed petitioner that a permanent order of protection would be issued. On January 11, 2007, petitioner was sentenced as promised to fifteen years' incarceration to be followed by five years of post-release

1

supervision for each of the three class B felonies and an indeterminate prison term of one and one-third to four years on the incest count, with all sentences running concurrently with each other. The court also signed a final order of protection in favor of petitioner's daughter which remains in effect until March 3, 2024.

The Plea

On November 30, 2006, petitioner appeared before the Hon. John L. Kase in Nassau County Supreme Court. Jordan Dressler, Esq., appearing for the Office of Robert Gottlieb, petitioner's attorney, stated that "after lengthy review," petitioner had authorized him to withdraw petitioner's previously entered plea of not guilty and to enter a plea of guilty to each of the four counts in the indictment pending against him. Dressler requested that, in exchange for this plea, the court sentence petitioner to fifteen years' incarceration to be followed by five years of post-release supervision. In addition, the attorney stated that the United States Attorney's Office for the Eastern District of New York was investigating petitioner's acts and was

2

prepared to prosecute him for those acts;[2] if petitioner were to be sentenced to fifteen years on this indictment, however, the federal authority would consider its investigation satisfied and would not prosecute petitioner.   Finally, Dressler asked the court to run petitioner's sentence concurrently with his pending sentence on Queens County Superior Court Information No. 2473-06, to which petitioner had previously pleaded guilty to two counts of possessing a sexual performance by a child (N.Y.P.L. § 263.16; P.2-5).[3]   The Queens County charges stemmed from the discovery of photographs on petitioner's office computer of petitioner sexually abusing his daughter.

After petitioner was sworn and affirmed that he would answer the court's questions truthfully, he stated, in response to the court's queries, that he was forty-seven years old, was able to read and write English, was a United States citizen, and had completed a degree in civil engineering.   Petitioner said that he had taken no drugs or alcohol in the previous twenty-four hours, had never been hospitalized for a mental illness,

---

[2]   The federal investigation focused on petitioner's uploading of photographs of him sexually abusing his daughter and then transmitting them via the Internet.
[3]   Numbers in parentheses preceded by the letter "P" refer to the minutes of the plea proceeding and numbers preceded by the letter "S" refer to the minutes of the sentencing proceeding.

had had enough time to speak with his attorney before entering his plea of guilty, and was satisfied with his attorney's representation of him (P.7-8).

Petitioner then told the court that he understood that he had the right to a jury trial, at which the prosecution would have to prove his guilt beyond a reasonable doubt, that he had the right to listen to, and cross-examine, the witnesses against him, that no adverse inference could be taken if he chose not to testify, and that he had the right to call witnesses on his behalf. Petitioner acknowledged that, by pleading guilty, he was giving up those rights, and that he understood that a plea of guilty would have the same effects as a conviction after trial. He further stated that no one had threatened or forced him to plead guilty. The court stated that it would not require petitioner to waive his right to appeal. Petitioner stated that he was not on parole or probation and had never been convicted of a felony. The court informed petitioner that, because he was going to plead guilty to felony counts, he would face enhanced punishment if he were to be convicted, in the next ten years, of a new felony (P.8-10).

The court then discussed the four charges contained in the indictment and the maximum term of imprisonment and post-release

4

supervision that petitioner faced on each one, with a maximum aggregate determinate sentence of thirty years in prison. Petitioner stated that he understood the charges and the possible punishment he could receive and that, in exchange for his plea of guilty, the court would sentence him, to a total of fifteen years' incarceration, to be followed by five years' post-release supervision.  Petitioner further understood that his Nassau County sentence would run concurrently with the pending Queens County sentence.  The court stated that it would issue a permanent order of protection and impose various fines and fees. Petitioner told the court that there were no other promises that had been made to him in connection with his plea.  The court explained to petitioner that if the pre-sentence report were to contain information that made the court unwilling to impose the promised sentence, the court would allow petitioner to withdraw his plea.  The court also told petitioner that if he were rearrested prior to the sentencing proceeding, the court would not be bound by its promise and could sentence petitioner to thirty years in prison, and that the court could impose sentence even if petitioner did not appear at the sentencing proceeding. Petitioner stated that he understood each of these conditions (P.10-13).

The court then asked petitioner a series of questions about the crimes to which he was pleading guilty. Petitioner admitted committing the following criminal acts: on September 12, 2005, when his biological daughter was eleven years old, he placed his penis in her vagina; on October 5, 2005, he placed his penis in his daughter's mouth; and, on March 1, 2004, he engaged in sexual intercourse with his daughter. Petitioner stated that he was prepared to plead guilty and that what he had just told the court was the truth. The court stated that it was satisfied that petitioner understood the charges and the waiver of his rights associated with the plea, and that the plea was voluntary. Justice Kase also stated that this was one of the worst cases, on its facts, that he had ever seen, and that he was accepting the plea to spare petitioner's daughter from having to testify. Petitioner then entered his plea of guilty to the four counts charged (P.13-16).

<u>The Sentence</u>

On January 11, 2007, petitioner, with his attorney, again appeared before Justice Kase. After the court gave him time to review the pre-sentence report with his attorney, petitioner stated that he was ready to be sentenced (S.2-3). The court

read into the record a letter from petitioner's wife, who was present, in which she stated her opinion that her husband did not have sexual contact with their daughter and that the daughter's statements implicating petitioner were false, but acknowledged that petitioner "created some weird pictures with my daughter." She asked that the court sentence petitioner to probation and that he receive counseling (S.7-10).

The court then asked petitioner if, given his wife's statement, he wished to withdraw his plea for any reason. After consulting with his attorney, petitioner said that he did not. When the court asked him if he was reaffirming his plea, petitioner responded, "Yes. It's easier on my family" (S.10-11). The prosecutor noted that, since his plea, petitioner had been diagnosed as a pedophile, and that, as petitioner's wife had mentioned, there were photographs depicting some of the acts petitioner was accused of committing. The prosecutor also told the court that petitioner's wife was putting her husband's interests ahead of her daughter's. The prosecutor then recommended that petitioner receive the freely bargained-for fifteen-year prison term and requested that the court sign an order of protection in favor of the daughter that would remain in effect until 2024 (S.11-13).

Petitioner's attorney told the court that the exculpatory allegations of petitioner's wife were investigated and discussed with petitioner, that his office nevertheless recommended that it was in petitioner's best interest to plead guilty, and that petitioner agreed with that assessment.  Counsel also stated that, if the United States Attorney's Office were to prosecute petitioner, "he faced significantly greater exposure" than the fifteen-year sentence he was now receiving because of "the [c]ourt's generosity," but that the federal authority would not prosecute petitioner because of his sentence here.  The attorney asked the court to keep its promise to sentence petitioner to fifteen years' incarceration to be followed by five years of post-release supervision (S.13-16).

Petitioner then told the court that he was "so sorry for what I did and what I have done" (S.16).  He asked that he be allowed to speak with his daughter once she turned eighteen years old so that he could help arrange her marriage.  Counsel requested that, because there was an ongoing proceeding in the Family Court, Justice Kase issue an order of protection that would be subject to modification by that court (S.16-17).

The court stated that it was "satisfied that Mr. Patel has accepted responsibility for these crimes that he actually

8

committed" (S.17).   It determined that, over the prosecution's objection, the order of protection, which it ordered to remain in effect until March 2024, would be subject to modification by the Family Court.   The court then imposed the sentence it had promised at the time of the plea, sentencing petitioner to a fifteen-year prison term to be followed by five years' post-release supervision on the rape and criminal sexual conduct counts, and one and one-third to four years' incarceration on the incest count.   The court ordered that all of the sentences run concurrently with each other and with petitioner's then-pending sentence in his Queens County case.   The court also notified petitioner of the requirement that he register as a sex offender at the time he was being released from prison.   Finally, petitioner was advised of his right to appeal (S.18-23).

The Motion to Vacate Judgment

On September 10, 2009, petitioner filed, in Supreme Court, Nassau County, a motion to vacate his judgment pursuant to C.P.L. § 440.10, alleging that his plea was not knowing, voluntary, and intelligent, that he received ineffective assistance of counsel, and that his statements to police were

9

obtained in violation of his constitutional rights.  Respondent opposed the motion.

In an order filed February 19, 2010, the Supreme Court (Kase, J.) summarily denied petitioner's motion in all respects. The court found, upon examining the minutes of the plea proceeding, that petitioner pleaded guilty voluntarily and that petitioner's failure to take advantage of the court's offer, at the sentencing proceeding, to allow him to withdraw his plea also indicated that the plea was voluntary.  The court held that, because petitioner received an advantageous plea bargain, he received meaningful representation from his counsel. Finally, the court found that, by pleading guilty, petitioner waived his right to challenge the voluntariness of the statements he made to the police.  People v. Patel, Ind. No. 1597N-09, Motion No. C-576 (Supreme Court, Nassau County) (Kase, J.).

Leave to appeal to the Appellate Division from the February 19, 2010 order, was denied on May 13, 2010. Petitioner's request for reconsideration of that denial was denied on August 12, 2010.

The Direct Appeal

Petitioner, represented by counsel, appealed from his judgment of conviction to the Appellate Division. In his brief, he raised the following claims: his statement at his sentencing proceeding that he was reaffirming his guilty plea because it was "easier on my family" (S.11) and the letters from his wife and daughter submitted prior to his sentencing cast significant doubt on the voluntariness of his plea; his fifteen-year sentence was excessive; and, the duration of the order of protection and post-release supervision were excessive. Petitioner also filed a pro se supplemental brief. In that brief, petitioner claimed that he received ineffective assistance of counsel that rendered his plea invalid, his plea was not knowing, intelligent, and voluntary, he was deprived of his rights to a timely indictment and speedy trial, and there was prosecutorial misconduct at the plea and sentencing proceedings.

In an order and decision dated June 15, 2010, the Appellate Division unanimously affirmed petitioner's judgment of conviction. See People v. Patel, 74 A.D.3d 1098 (2d Dept. 2010). Specifically, the court decided as follows: petitioner's contention regarding his plea was unpreserved and, in any event,

11

his plea was knowing and voluntary; petitioner had no basis to complain, because it was the result of a negotiated plea bargain, about the length of his sentence, and that the sentence was not excessive; the trial court providently exercised its discretion in determining the duration of the order of protection; the trial court understood its sentencing discretion in imposing the period of post-release supervision, and petitioner had agreed to that term during the plea proceeding; petitioner's claim of ineffective assistance of counsel was forfeited by his plea of guilty, and, to the extent it could evaluate his claim from the record, his attorney provided him with effective assistance at the plea proceeding. The court also found that petitioner's other contentions were meritless.

Petitioner applied for leave to appeal to the New York Court of Appeals. He raised the same three claims that were raised in his attorney's appellate brief: his plea was involuntary, as shown by his sentencing statement that he was reaffirming his guilty plea because it was easier on his family; his sentence was excessive; and, his period of post-release supervision and the duration of the order of protection in favor of his daughter were too long. This application was denied on

12

September 29, 2010.  <u>See</u> <u>People v. Patel</u>, 15 N.Y.3d 854 (2010) (Graffeo, J.).


## The Petition for a Writ of Habeas Corpus

Petitioner now seeks federal habeas corpus relief, raising the same or similar grounds that he raised in his motion to vacate judgment and on direct appeal in state court, as well as others that were not raised in any state court.  Petitioner's application for habeas corpus relief should be summarily denied. Not one of the grounds raised in the petition asserts a reviewable, meritorious constitutional claim.

ARGUMENT

POINT ONE

PETITIONER'S   SENTENCING   STATEMENT   REAFFIRMING,   AND
DECLINING TO WITHDRAW, HIS GUILTY PLEA BECAUSE IT WAS EASIER ON
HIS FAMILY FOR HIM TO PLEAD GUILTY THAN TO GO TO TRIAL DID NOT
RENDER HIS PLEA INVOLUNTARY; HIS CLAIM TO THE CONTRARY IS
PROCEDURALLY BARRED AND MERITLESS (responding to Ground One of
the Petition).

A   constitutionally   and   jurisdictionally   proper   plea
generally marks the end of litigation and not the beginning of a
protracted   series   of   challenges   to   the   resulting   conviction.
See People v. Konieczny, 2 N.Y.3d 569, 572 (2004) (citing People
v. Hansen, 95 N.Y.2d 227, 230 [2000]).   Despite this well-
established   precedent,   petitioner   claims   once   again   that   his
statement at his sentencing proceeding that he was reaffirming
his plea of guilty, and did not wish to withdraw it, because
"[i]t's easier on my family" (S.11), combined with letters his
wife   and   daughter   wrote   to   the   sentencing   court   "cast
significant doubt upon whether [his] pleas [sic] was voluntary,
knowing, and intelligent."   Petition, at 7.   This claim was
raised in petitioner's direct appeal and his motion to vacate
judgment and is exhausted, but it is procedurally barred from
habeas review.

Under New York law, to preserve this issue for appellate
review, petitioner was required to move to withdraw his plea

14

(see C.P.L. § 220.60) so that the sentencing court would have had an opportunity to review the claim. Petitioner never did so. Accordingly, the Appellate Division found that "[t]he defendant's contention that his plea was not knowing and voluntary is unpreserved for appellate review since he failed to move to withdraw his plea (see CPL 470.05[2])" (other citations omitted). People v. Patel, 74 A.D.3d 1098, 1098 (2d Dept. 2010); see also People v. Toxey, 86 N.Y.2d 725, 726 (1986).

A petitioner's federal claim may be procedurally barred from habeas corpus review if it was decided in the state courts on "adequate and independent" state procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). The procedural rule (here, the preservation doctrine) is adequate if it is "firmly established and regularly followed by the state." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999). And, the "state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Harris v. Reed, 489 U.S. 255, 261-62 (1989). Once the federal habeas court determines that the claim is procedurally barred, it may not review the merits of the claim unless the petitioner can "demonstrate both cause for default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider

15

the claim[] will result in a miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. at 750.   Here, petitioner does not demonstrate any of these things.

New York's preservation doctrine is firmly established and regularly followed.   <u>See Garvey v. Duncan</u>, 485 F.3d 709, 715-16 (2d Cir. 2007).   Petitioner's failure to preserve the issue of the voluntariness of his plea, as found by the Appellate Division, is an adequate and independent state procedural ground that precludes habeas review of the issue.   <u>See Glen v. Bartlett</u>, 98 F.3d 721, 724-25 (2d Cir. 1996).   Thus, petitioner's claim is procedurally defaulted and cannot form a proper basis for habeas relief.

In any event, petitioner's claim fails on the merits.   "[A] plea operates to waive rights, including constitutional rights, [and thus] must be entered 'knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.'" <u>Williams v. Unites States</u>, 2011 WL 766590 at *6 (E.D.N.Y. February 25, 2011) (quoting <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 [2005]).[4]   The presence of counsel at the plea and

---

[4] Together with this response, respondent is also providing petitioner with copies of any decisions that might not be available at petitioner's prison.

a defendant's assurances in open court are particularly strong indications that the guilty plea was entered voluntarily and intelligently. See Wilbright v. Smith, 745 F.2d 779, 780-81 (2d Cir. 1984). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

As argued in Respondent's Brief, at 10-14, Respondent's Supplemental Brief, at 10-12, and Respondent's Affidavit in Opposition to Motion to Vacate Judgment, at 3-4, the colloquy between the court and petitioner at his plea proceeding was detailed and specific, unequivocally showing that petitioner pleaded guilty knowingly, voluntarily, and intelligently. Petitioner's unambiguous statements at his plea proceeding, in which he waived his constitutional rights and allocuted to his crimes, "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later, self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). In addition, petitioner's counsel was present at his plea proceeding, and petitioner specifically

stated that he had had enough time to speak to his attorney and was satisfied with his attorney's representation of him (P.8). The Appellate Division properly found that "the record of the plea proceeding establishes that the plea was knowing and voluntary" (citation omitted). <u>People v. Patel</u>, 74 A.D.3d at 1099.

Moreover, petitioner's statement at his sentencing proceeding that he now alleges should lead this Court to grant his petition was hardly a clear statement of innocence. To the contrary, his statement that the plea was "easier on my family" was in accord with the court's sentiment that it was "gratified that your daughter does not have to take the witness stand and testify" (P.15). Further, petitioner's sentencing remark does not, under New York law, render his plea involuntary. There was nothing about petitioner's plea proceeding that "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of his plea." <u>People v. Lopez</u>, 71 N.Y.2d 662, 666 (1988). Similarly, the letters from his wife and daughter do not affect the validity of his plea. Accordingly, were the Court to review petitioner's procedurally barred claim, it would undoubtedly find that the state courts

18

did not unreasonably apply Supreme Court precedent (<u>see</u> 28 U.S.C. § 2254[d]) in rejecting this claim.

POINT TWO

PETITIONER'S PRISON SENTENCE WAS WELL WITHIN THE STATE
STATUTORY LIMIT AND DOES NOT PRESENT A FEDERAL CONSTITUTIONAL
QUESTION (responding to Ground Two of the Petition).

Petitioner claims that his fifteen-year sentence of
incarceration is excessive and should be modified by this Court.
He asks that his prison term be reduced to six years, which he
will have completed by 2012 when his natural daughter, the
victim in this case, will be eighteen years old. Petitioner
argues that the absence of prior criminal activity, the
otherwise exemplary life he was leading, the support he has
received from family and friends, and his expressions of remorse
warrant the reduction of his sentence. This claim was raised in
petitioner's direct appeal and is exhausted. Nevertheless, it
is meritless.

Where a state prisoner's sentence falls within the limits
set by the state legislature, his claim that his sentence is
harsh and excessive is not a proper basis for habeas corpus
relief, as it does not present a federal constitutional
question. See White v. Keane, 969 F.3d 1381, 1383 (2d Cir.
1992) ("[N]o federal constitutional question is presented where,
as here, the sentence is within the range prescribed by state
law."); Underwood v. Kelly, 692 F.Supp. 146, 152 (E.D.N.Y.

20

1988), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 837 (1989).

Petitioner's prison sentence of fifteen years is within the range mandated by the New York Legislature, and well below the maximum he could have received. In addition to incest, he pled guilty to rape in the first degree (N.Y.P.L. § 130.35[4]) and two counts of criminal sexual conduct in the first degree (N.Y.P.L. § 130.50[4]). Those latter three crimes are classified as class B violent felony offenses. See N.Y.P.L. § 70.02(1)(a). For each of those offenses, the sentencing court was required to impose a determinate prison term ranging from five to twenty-five years. See N.Y.P.L. § 70.02(3)(a). In addition, because the three counts were based upon three separate acts committed by petitioner, the court had the discretion to run the sentences consecutively to each other. For the same reason, the sentences could have run consecutively to the sentence then pending in petitioner's Queens County case. See N.Y.P.L. § 70.25(1), (2). Additionally, as the sentencing court correctly stated, if consecutive sentences had been imposed, petitioner would have faced a maximum aggregate prison sentence of thirty years (P.11; see N.Y.P.L. § 70.30[e][i]). The sentence also included the promise that that petitioner would

21

avoid altogether a federal prosecution for his transmittal via the Internet of the sexually explicit photographs. The record establishes that the court appropriately exercised its discretion, expressing its satisfaction that the young victim would not have to testify at a trial, in sentencing petitioner to one-half the maximum sentence, even though the case was "one of the worst cases" (P.15) and "the most shocking" (S.5) the court had ever seen.

Moreover, the Appellate Division correctly applied state law in holding that petitioner "has no basis to complain about the length of the sentence imposed, since the sentence was part of the negotiated plea bargain (citations omitted). In any event, the sentence imposed was not excessive" (citation omitted). People v. Patel, 74 A.D.3d at 1099.

Even if this ground were to be considered a claim of cruel and unusual punishment under the Eighth Amendment to the United States Constitution[5] -- an argument petitioner has never advanced -- and thus properly reviewable for habeas relief, this Court should still reject it. A sentence of imprisonment that is

---

[5] The Eighth Amendment applies to state sentencing determinations by virtue of the Fourteenth Amendment. See Robinson v. California, 370 U.S. 360 (1962).

within the limits of a valid state statute is not cruel and unusual in the constitutional sense, unless it is "grossly disproportionate to the severity of the crime." <u>Rummel v. Estelle</u>, 445 U.S. 263, 271 (1980). Petitioner concedes that his crimes "are undeniably serious" (Petition, at 10). Given the charges, to which petitioner freely admitted in his plea allocution, a sentence of fifteen years for repeated sexual conduct against his daughter starting when she was nine years old cannot be considered cruel. And, it is certainly not unusual for a sentencing court to impose a prison term that is one-half the maximum permissible under the sentencing statutes.

23

POINT THREE

THE TERM OF PETITIONER'S POST-RELEASE SUPERVISION AND THE
DURATION OF THE ORDER OF PROTECTION IN FAVOR OF HIS DAUGHTER
WERE WITHIN THE STATE STATUTORY LIMIT AND DO NOT PRESENT FEDERAL
CONSTITUTIONAL QUESTIONS FOR REVIEW IN A HABEAS PETITION
(responding to Ground Three of the Petition).

As part of petitioner's sentence, the court issued a permanent order of protection, prohibiting him from contacting his daughter until March 2024, and ordered that a five-year period of post-release supervision follow his fifteen-year prison sentence. Petitioner asserts that the duration of the order of protection and the term of post-release supervision are excessive. Petitioner asserts that the order of protection will unduly interfere with his involvement in his daughter's life, including arranging her marriage, and asks this Court to reduce the time period so that it expires in March 2012, when his daughter becomes eighteen years old. Petitioner also claims that the sentencing court believed the minimum permissible term of post-release supervision was five years, when it was, in fact, two and one-half years; he now requests that his post-release supervision term be reduced to that legal minimum. This claim was raised in petitioner's direct appeal and is exhausted.

As in Point Two, above, petitioner seeks federal habeas corpus relief from components of his sentence that are within

24

the state statutory guidelines. As such, he again raises no federal question warranting relief from this Court. See 28 U.S.C. § 2254(a); White v. Keane, 969 F.3d at 1383.

In any event, petitioner's claims are meritless. Because he pleaded guilty to three class B violent felonies which are punishable only by determinate sentences (see N.Y.P.L. § 70.02[1][a], [3][a]), the court was required to impose a period of post-release supervision ranging from two and one-half to five years. See N.Y.P.L. § 70.45(2)(f). Thus, the term of post-release supervision imposed was within the mandated statutory range.

It was also clearly announced on the record. At petitioner's plea proceeding, his attorney outlined the plea agreement, stating that it included a five-year period of post-release supervision (P.3). In addition, the court later stated that petitioner would receive five years' post-release supervision following the completion of his prison term and petitioner told the court that he understood that part of his sentence (P.11). Accordingly, the Appellate Division found that the court understood its sentencing discretion with regard to post-release supervision and that petitioner agreed to the five-

25

year term that was correctly imposed. People v. Patel, 74 A.D.3d at 1099.

With regard to the length of time that the order of protection is to remain in effect, the minutes of the plea proceeding reflect that the court told petitioner that his sentence would include "a permanent order of protection" (P.11). The order's duration, three years beyond the term of imprisonment is, similar to the terms of imprisonment and post-release supervision, within the permissible statutory range. See C.P.L. § 530.12 (former [5][ii]) (permitting permanent orders of protection for victims of family offenses to extend three years beyond the end of the term of imprisonment). At his sentencing proceeding, petitioner did request that the sentencing court allow him to contact his daughter once she turned eighteen (S.16). The court rejected that request, but allowed its duration to be modified by the Family Court, if that court found it appropriate to do so (S.18). Thus, neither of petitioner's challenges to the non-prison consequences of his crimes provides him a viable basis for habeas relief.

## POINT FOUR

PETITIONER'S CLAIM THAT HIS ATTORNEYS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THEY DID NOT INVESTIGATE THE POSSIBILITY OF A FEDERAL PROSECUTION AGAINST HIM IS PROCEDURALLY BARRED AND MERITLESS (responding to Ground Four of the Petition).

Petitioner claims that he was denied the effective assistance of counsel because his attorneys did not sufficiently explore the viability of a potential federal prosecution against him. Because of this alleged failure, petitioner argues that he was coerced into pleading guilty because he feared more serious punishment from a future federal case without knowing if it would have been meritorious. This claim was raised in petitioner's direct appeal and motion to vacate judgment and is exhausted. Petitioner's claim should be rejected, however, because it was forfeited when he pleaded guilty and thus is procedurally barred. In any event, the claim is meritless.

The Appellate Division denied on procedural grounds petitioner's ineffective assistance claims because petitioner pleaded guilty and consequently was entitled to review of only those claims that involved the voluntariness of his plea. The court specifically held that "[b]y pleading guilty, the [petitioner] forfeited his claim of ineffective assistance of counsel, raised in his supplemental pro se brief, to the extent

27

that it does not directly involve the plea bargaining process" (citation omitted). <u>People v. Patel</u>, 74 A.D.3d at 1099. In deciding the motion to vacate judgment, the motion court found that, because petitioner "received an advantageous plea" by virtue of which his sentence would be concurrent to the Queens County case and precluded federal prosecution for his acts, he received effective assistance of counsel pursuant to state law. Decision and Order, Motion C-576, February 19, 2010. The motion court decision, however, preceded the direct appeal decision on the matter. This claim was not advanced in petitioner's application for leave to appeal to the Court of Appeals and, thus, is procedurally barred from habeas review. <u>See</u> <u>Grey v. Hoke</u>, 933 F.2d 117, 119 (2d Cir. 1991).

Moreover, the Appellate Division's decision rejecting this claim on the basis of forfeiture is a plain statement, by the highest court asked to consider the matter, that the court did indeed rely on the applicable procedural bar to review petitioner's claim. <u>See</u> <u>Harris v. Reed</u>, 459 U.S. at 262; <u>Levine v. Commissioner of Correctional Services</u>, 44 F.3d 121, 126 (2d Cir. 1995).

Furthermore, a federal habeas court may not review the merits of a state prisoner's federal claims if a state court

rejected those claims on a state law ground that is independent of the federal question and adequate to support the judgment. See Carvajal v. Artus, 2011 WL 206181, at *8 n.6 (2d Cir. January 25, 2011) (citing Coleman v. Thompson, 501 U.S. at 750); Harris v. Reed, 489 U.S. at 260-61. Moreover, it is well settled law in New York that a defendant who pleads guilty forfeits appellate review of claims of ineffective assistance of counsel "which did not directly involve the plea-bargaining process." People v. Scalercio, 10 A.D.3d 697, 697 (2d Dept. 2004). This doctrine is firmly established and regularly followed in New York. See People v. Petgen, 55 N.Y.2d 529, 535 n.3 (1982); People v. Silent, 37 A.D.3d 625 (2d Dept. 2007). Additionally, once a petitioner admits his guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, for this additional reason, petitioner's claim is procedurally barred from this Court's review. Furthermore, petitioner has not even alleged either cause or prejudice to overcome this bar, and any suggestion that he is actually innocent should be summarily rejected for the reasons advanced in Point Ten, below. See generally Coleman v. Thompson, 501 U.S. at 750.

In any event, petitioner's ineffective assistance claim should be rejected as meritless because counsels' representation of petitioner was entirely effective. The standard by which a claim of ineffective assistance of counsel must be determined was set forth in Strickland v. Washington, 465 U.S. 668 (1984). A defendant seeking relief on this ground must establish that: 1) counsel's performance was "outside the wide range of professionally competent assistance," and 2) there exists a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 690, 694. Further, in order to prevail on a claim of ineffective assistance of counsel, petitioner must overcome the strong presumption that defense counsel rendered effective assistance (see Strickland, 466 U.S. at 686; United States v. Cronic, 466 U.S. 648, 658 [1984]). Finally, in a habeas corpus proceeding, a petitioner must further establish that the state court's decisions on this issue, if the claim was reviewed on the merits, was objectively unreasonable. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 412 (2000). Both the Appellate Division and the motion court found that petitioner was provided with effective assistance during the plea proceeding. Petitioner has failed to meet his burden of proving ineffectiveness.

Indeed, contrary to petitioner's contention that his attorneys failed to investigate the possibility of a federal prosecution against him, Jordan Dressler, petitioner's attorney who was present at his plea and sentencing proceedings, stated that his office had been in touch, "over the course of the last few months" with an assistant United States attorney. Dressler stated that the federal prosecutor was "prepared to prosecute Mr. Patel for a variety of crimes," but would forego prosecution if defendant agreed to the fifteen-year plea bargain in state court (P.3). In addition, petitioner's attorneys "looked into the federal law that [petitioner] would be facing here. He faced significantly greater exposure. We explained that to Mr. Patel" (S.14). And, Dressler stated that, despite exculpatory allegations by petitioner's wife and daughter, "We concluded that a plea in this case was still the wisest and most reasonable way to go when the other alternative would be a trial, and we recommended this to Mr. Patel, and I believe, wisely, he agreed" (S.13). It was hardly coercive of defense counsel to accurately explain to his client that he faced possible greater punishment than in the plea agreement.

With regard to petitioner's conclusory, unsubstantiated claim that his plea was coerced because his attorneys did not determine the validity of the threat of federal prosecution,

31

that claim is directly contradicted by his statements at the plea proceeding. Petitioner told the court that no one had "made any threats or in any way tried to force [him] to plead guilty" and that he was satisfied with his attorneys' representation of him (P.8-10). The claim of coercion is also contradicted by his statements expressing his understanding of his plea and his desire to plead guilty. See Rodriguez v. Conway, 2009 WL 636503 at *17 (S.D.N.Y. March 13, 2009) (finding that petitioner's plea-hearing statements "refute his current claim of coercion and involuntariness"); France v. Strack, 2001 WL 135744 at *4 (E.D.N.Y. January 30, 2001) ("Where a petitioner's claims of mistake and coercion find no support in the record and are contradicted by the statements made under oath at the plea proceeding, they do not entitle him to relief."); People v. Hughes, 62 A.D.3d 1026 (2d Dept. 2009) (unsubstantiated claim of coercion refuted by defendant's statements at plea).

In contrast to this ample showing within the record that petitioner's counsel effectively investigated the potential federal prosecution, and petitioner's own statements at his plea proceeding, the record does not support any of petitioner's arguments as to why counsel was supposedly ineffective. Aside

32

from petitioner's own self-serving and unsupported allegations, there is nothing in the record that corroborates his claim.

## POINT FIVE

THE RECORD ESTABLISHES THAT PETITIONER FULLY UNDERSTOOD THE RIGHTS HE WAS WAIVING AND THE CHARGES TO WHICH HE WAS PLEADING; MOREOVER, HIS CLAIM TO THE CONTRARY IS PROCEDURALLY BARRED BECAUSE HE DID NOT RAISE IT IN THE HIGHEST STATE COURT FROM WHICH A DECISION COULD BE HAD (responding to Ground Five of the Petition).

Petitioner claims that his plea was not knowing and intelligent because he, a first-time criminal defendant unfamiliar with the criminal justice system, did not understand the allegations against him and the relationship between the law and the facts. He argues that his one-word answers of "Yes" and "No" in response to the court's questions of him at his plea proceeding do not provide a sufficient basis to show that he understood what he was doing when he pleaded guilty. Petitioner also states that his attorney provided ineffective assistance due to his failure to advise petitioner of the evidence of guilt and defenses available to him. Although this claim was raised in petitioner's supplemental brief, it was not advanced in his application to the Court of Appeals for leave to appeal. Thus, the claim is unexhausted but should be deemed procedurally

34

barred.  See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Grey v. Hoke, 933 F.2d at 119.[6]

In any event, the petitioner's claim is meritless, even if it were not procedurally barred.  The validity of a plea is determined by whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  North Carolina v. Alford, 400 U.S. 25, 31 (1970); see also Georges v. United States, 2011 WL 477672 at *6 (E.D.N.Y. February 4, 2011); People v. Fiumefreddo, 82 N.Y.2d 536, 543 (1993) ("The established rule is that a guilty plea will be upheld as valid if it was entered voluntarily, knowingly, and intelligently.").  Moreover, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  Mabry v. Johnson, 467 U.S. 504, 508 (1984).

Petitioner is unpersuasive in his assertion that his one-word responses to the court's questions during the plea

_____

[6] The fact that this claim was raised also by petitioner in his motion to vacate judgment that preceded his direct appeal does not satisfy the exhaustion requirement here.  Indeed, the motion court specifically rejected the claim by relying upon the minutes of the plea and sentencing proceedings, which were all reviewed on petitioner's direct appeal to the Appellate Division.

proceeding did not adequately show that his plea of guilty was voluntary. In fact, the Second Circuit Court of Appeals found, on a direct appeal, that a defendant's one-word "Yes" or "No" answers were sufficient to show that he understood the nature of his plea. See United States v. Torellas, 455 F.3d 96, 103-04 (2d Cir. 2006) (citing United States v. Rodriguez-Leon, 402 F.3d 17, 25 n.8 [1st Cir. 2005]); see also People v. Bookard, 68 A.D.3d 1128 (2d Dept. 2009) (defendant's affirmative responses at plea allocution held sufficient to establish voluntariness of plea).

The record reveals that this educated, intelligent petitioner entered his plea voluntarily and with full understanding of its conditions and ramifications. As argued in Respondent's Brief, at 10-14 and Respondent's Supplemental Brief at pages 10-12, the record of the plea proceeding shows that petitioner understood exactly what he was doing when he entered his guilty plea, that he was doing so voluntarily, and that the plea bargain was highly advantageous to him. The sentencing court thoroughly enumerated the rights petitioner was forfeiting by pleading guilty, accurately informed petitioner of the sentence he would be receiving by pleading guilty, and led petitioner through a proper allocution of his crimes. Petitioner unequivocally responded affirmatively to the court's

36

questions, indicating that he understood the rights he was relinquishing and the plea bargain into which he was entering. Indeed, at the end of the proceeding, he told the court that he was prepared to plead guilty and that he had told the court the truth, and only then did he enter his guilty plea (P.15-16). Petitioner's "Yes" and "No" answers to the court's questions during his plea proceeding do show that his plea was voluntary.

## POINT SIX

PETITIONER'S CLAIMS THAT HE WAS NOT AFFORDED A PRELIMINARY
HEARING, TIMELY INDICTMENT, AND SPEEDY TRIAL ARE PROCEDURALLY
BARRED, FORFEITED, AND DO NOT RAISE CONSTITUTIONAL QUESTIONS
(responding to Ground Six of the Petition).

Petitioner claims that he was denied his state statutory
rights to a preliminary hearing, timely indictment, and speedy
trial pursuant to New York's Criminal Procedure Law.    He
calculates that 234 days elapsed from the date of his arrest to
the date of his indictment and argues that all of that time is
chargeable to the prosecution because it never announced its
readiness for trial.    Petitioner never raised these issues prior
to his plea.

Contrary to petitioner's assertion in his petition, he did
not exhaust his state remedies for this claim.    Although he
raised this claim in his supplemental brief, petitioner did not
advance it in his application for leave to appeal to the New
York Court of Appeals.    By statute, an applicant for federal
habeas corpus relief must first exhaust all available state
court remedies.    See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v.
Boerckel, 526 U.S. at 842; Grey v. Hoke, 933 F.2d at 119.    This
"exhaustion requirement" promotes harmony between federal and
state courts by allowing state courts to examine state

38

convictions and correct constitutional errors, in the first instance. Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996).

Exhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had. See O'Sullivan v. Boerckel, 526 U.S. at 843-87; see also Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). In New York, a petitioner satisfies the exhaustion requirement by raising on-the-record claims (such as the ones presented in this claim) on direct appeal to the state's intermediate appellate court, and by then seeking to have the claim reviewed by the highest state court. See C.P.L. § 460.20; Grey v. Hoke, 933 F.2d at 119-20. Petitioner failed to do this. A federal court may not grant a state prisoner's habeas petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254[b][1][A]).

Moreover, petitioner has further failed to exhaust his state remedies because, in his direct appeal, he based this claim only upon state statutory law and not federal constitutional law. He made his speedy trial claim pursuant to C.P.L. § 30.30, New York's statutory speedy trial provision, and did not argue that his right to a speedy trial was violated pursuant to C.P.L. § 30.20, New York's constitutional speedy

39

trial statute.   Section 30.30 "addresses only the problem of prosecutorial readiness, and is not a speedy trial statute in the constitutional sense." People v. Anderson, 66 N.Y.2d 529, 535 (1985).   Because petitioner did not raise his claim in federal constitutional terms, his claim was not properly exhausted before New York's state courts. See 28 U.S.C. § 2254(a).   "It is well-established . . . that solely raising a § 30.30 claim does not fairly present a Sixth Amendment speedy trial claim." Yampierre v. Phillips, 2010 WL 744526 at *10 (E.D.N.Y. March 1, 2010) (citations omitted).   In any event, by pleading guilty petitioner forfeited his claim that he was deprived of a speedy trial under C.P.L. § 30.30. See People v. O'Brien, 56 N.Y.2d 1009, 1010 (1982).   This is yet another procedural bar to habeas review.

Petitioner's claim that he was denied his right, under C.P.L. § 180.80, to a preliminary hearing or speedy indictment, also provides no basis for habeas relief.   "There is no federal constitutional right to a grand jury indictment, see Hurtado v. California, 110 U.S. 516 (1884), or to a preliminary hearing, see Gerstein v. Pugh, 420 U.S. 103, 118-19 (1975)." Bilbrew v. Garvin, 2001 WL 91620 at *9 (E.D.N.Y. January 21, 2001).   Thus,

40

there is no federal constitutional issue implicated with regard to this claim.

## POINT SEVEN

THE PROSECUTOR DID NOT COMMIT MISCONDUCT DURING THE PLEA AND SENTENCING PROCEEDINGS; PETITIONER'S CONTENTION TO THE CONTRARY IS PROCEDURALLY BARRED AND MERITLESS (responding to Ground Seven of the Petition).

Petitioner contends that, in two instances, the prosecutor committed misconduct: first, during the statement at petitioner's plea proceeding detailing two telephone conversations with the assistant United States attorney who was investigating whether to bring a federal prosecution against petitioner; and, second, during the statement at the sentencing proceeding stating facts indicating that petitioner's wife was not being supportive of their daughter, the victim in this case. This claim was raised in petitioner's direct appeal to the Appellate Division, but, as with his claim in Ground Six that he was deprived of a timely indictment and a speedy trial, he failed to present the issue to the New York Court of Appeals in his application for leave to appeal. Thus, this claim should be deemed exhausted and procedurally barred and should not be considered by this Court as a ground for habeas relief. See O'Sullivan v. Boerckel, 526 U.S. at 843-87; Daye v. Attorney General, 696 F.2d at 191; see also Point Six, supra, at 31-32.

Further, petitioner did not contend in his supplemental brief that the prosecutor's acts violated the federal

42

constitution, and the Appellate Division, in rejecting petitioner's claim, did not undertake a constitutional analysis of the claim.[7] Thus, petitioner failed to fairly present to the state courts any claim that he might now proffer that the prosecutor's alleged misconduct violated the federal constitution. See 28 U.S.C. § 2254(a); see generally O'Sullivan v. Boerckel, 526 U.S. at 842.

In addition, petitioner has failed to allege, let alone establish, that the appellate court's rejection of his claim of prosecutorial misconduct was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1). It appears that there is no clearly established Supreme Court statement addressing prosecutorial misconduct during a plea proceeding (see White v. Walker, 2007 WL 169702 at *15 [N.D.N.Y. January 18, 2007]), and thus petitioner is unable to show that the Appellate Division's denial of this claim was an unreasonable application of Supreme Court precedent. See 28 U.S.C. § 2254(d)(1).

---

[7] The appellate court merely referred to this claim as being "without merit." People v. Patel, 74 A.D.3d at 1100.

Moreover, a habeas petitioner is not entitled to relief based upon prosecutorial misconduct unless he can show actual prejudice. See Tankleff v. Senkowski, 135 F.2d 235, 252 (2d Cir. 1998); Garafolo v. Coomb, 804 F.2d 201, 206 (2d Cir. 1986). Petitioner was not prejudiced here because he received the sentence for which he had freely bargained, regardless of any improper statements by the prosecutor.

Furthermore, there was nothing improper about the prosecutor's statements. At the time petitioner entered his guilty plea, it was the obligation of the attorneys to state the terms of the plea agreement. The prosecutor simply confirmed and amplified, accurately, the defense attorney's assertion that one consequence of the plea, because it included a promise of fifteen years' incarceration, was that the federal prosecutor would not prosecute petitioner for additional matters related to crimes that formed the basis of the Nassau County and Queens County prosecutions (P.4-5).

Similarly, at the sentencing proceeding, the prosecutor had the right "to make a statement with respect to any matter relevant to the question of sentence." C.P.L. § 380.50(1). The prosecutor properly pointed out the behavior of petitioner's wife after his arrest as a possible explanation for the wife's statements in her letter to the court, read at the sentencing

44

proceeding, that her husband was not guilty.   None of the prosecutor's remarks changed the punishment petitioner received from that which was promised to him at the time of his plea and, thus, no prejudice could have resulted.

## POINT EIGHT

**PETITIONER'S VARIOUS CLAIMS THAT HIS PLEA WAS OBTAINED DUE TO DURESS, MISREPRESENTATION, OR FRAUD ARE MERITLESS (responding to Ground Eight of the Petition).**

Petitioner claims that, for several reasons, his judgment of conviction resulted from duress, misrepresentation, or fraud committed by the court, the prosecutor, and his attorneys. He alleges the following in support of his claim: he did not understand the charges against him and the rights he was waiving by pleading guilty; the prosecutor and defense attorney did not properly investigate the letters his daughter wrote and the photographs that were discovered on his office computer; he did not consent to a waiver of his preliminary hearing; his indictment occurred too long after his arrest; his attorney did not adequately discuss the plea agreement and pre-sentence report with him; and his attorney told him that he could only give "Yes" and "No" answers in court. Petitioner raised these allegations in his motion to vacate his judgment of conviction

46

and application for leave to appeal from the denial of that motion and, for the most part, exhausted his state remedies.[8]

In order to establish that a petitioner's plea was entered knowingly, intelligently, and voluntarily, the record should show that the petitioner was competent to proceed, that he was aware of the nature of the charges against him, that he had a rational and factual understanding of the proceedings against him, and that he knew the nature of the constitutional protections he was foregoing by entering the plea. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. dismissed, 479 U.S. 805 (1986).

The record of petitioner's plea and sentencing proceedings, as discussed in Point One, shows that his claims here are meritless. Petitioner told the court that he understood the charges against him and the rights he was waiving by pleading guilty; the prosecution, defense attorney and the court did consider the letters written on petitioner's behalf; and his attorney did adequately discuss and explain the plea agreement

---

[8] There are some aspects of petitioner's claim that were reviewable on direct appeal and raised on direct appeal to the Appellate Division, but not in the leave application to the Court of Appeals (see, e.g., Point Six, supra, at 31-32). Because the claims are plainly without merit, for the Court's convenience respondent addresses generally the lack of merit of all these claims.

47

with petitioner.   The use of "Yes or No" questions by the court, and petitioner's answers to them, was proper, as discussed in Point Five.   In addition, petitioner was given the opportunity at the sentencing proceeding to withdraw his plea and make a general statement about the case and, during those opportunities, did not give any indication that he was not guilty or did not want his plea to go forward.

Petitioner asserts that he "is unaware of how his signature appears on" the Waiver of Preliminary Hearing form and that the document "can not have [his] original signature" (Petition at 23).   This allegation is directly refuted by the waiver itself[9] and the transcript of his September 13, 2006 court appearance, which establishes that, with his attorney present, petitioner did in fact sign the form in court.   His attorney then acknowledged that petitioner had signed it and the court accepted the waiver (Minutes of September 13, 2006, at 20). Petitioner's assertion to the contrary, for which he has no explanation for the appearance of his signature on the form, simply cannot be true.

---

[9] See Motion to Vacate Judgment, Exhibit E-2.

<u>POINT NINE</u>

PETITIONER'S CLAIM THAT HIS POST-ARREST STATEMENTS WERE UNCONSTITUTIONALLY OBTAINED IS PROCEDURALLY BARRED AND FORFEITED (responding to Ground Nine of the Petition).

Petitioner claims that statements he made to the police were obtained in violation of his constitutional rights. He also repeats previous allegations that his attorneys provided ineffective assistance in connection with his plea and sentence.

Regarding petitioner's repeated contention that his attorneys were ineffective in advising him about his plea and sentence, respondent relies on its answers in Points Four and Five, above.

With regard to petitioner's claim that his post-arrest statements to the police were involuntary because he did not have access to counsel and was not read his <u>Miranda</u> warnings, that contention should be deemed to be exhausted but procedurally barred from habeas review. This claim would properly have been the subject of a direct appeal, but for the fact that petitioner did not raise it in the trial court prior to his sentencing. Moreover, petitioner can no longer bring the claim in state court.

In addition, petitioner's allegation of a constitutional violation of his rights connected with being interrogated by the

49

police is procedurally barred because claims relating to a deprivation of constitutional rights that occurred prior to the entry of a guilty plea may not be used in a federal habeas petition to attack a conviction. See Tollett v. Henderson, 411 U.S. at 267. In its decision on defendant's motion to vacate judgment, the motion court properly denied the claim, holding that "by virtue of [petitioner] pleading guilty, the issues of admissibility of said statements became moot. By pleading guilty, the defendant gave up his right to . . . challeng[e] the voluntariness of alleged statements." Decision and Order, Motion #C-576, February 19, 2010. Thus, there was an adequate and independent state ground, apart from any federal constitutional issue, to deny petitioner his right to challenge the voluntariness of his statements to law enforcement personnel. See generally Coleman v. Thompson, 501 U.S. at 729; Harris v. Reed, 489 U.S. at 261-62.

Moreover, because petitioner never moved for suppression of his statements (see C.P.L. §§ 710.20, 710.60), there was no determination by the trial court whether a pre-trial hearing should have been granted or whether evidence of petitioner's statements should have been suppressed at a trial. The absence of any evidentiary record regarding the admissibility of the evidence makes appellate review of the issue impossible.

50

Petitioner has forfeited his claim.  See People v. Hussain, 309 A.D.2d 818, 818-19 (2d Dept. 2003); People v. Williams, 247 A.D.2d 415, 416 (2d Dept. 1998).

51

<u>POINT TEN</u>

PETITIONER'S CLAIM OF ACTUAL INNOCENCE AND THE FAILURE TO PROPERLY INVESTIGATE EVIDENCE OF HIS SUPPOSED INNOCENCE IS MERITLESS (responding to Ground Ten of the Petition).

Petitioner repeats his claims that his lawyers' ineffective assistance resulted in an involuntary plea.  These claims should be rejected for the reasons advanced earlier in Points One, Four, and Five, above.  In addition, petitioner claims that he is actually innocent of the crimes to which he pleaded guilty, and that evidence allegedly showing his innocence -- the letters from his wife and daughter -- was not reviewed by the court, the prosecutor, or his attorneys.

This claim should be deemed exhausted and procedurally barred from consideration in this habeas petition.  In his motion to vacate judgment, petitioner raised his claim only in passing and did not develop it in any way such that it was apparent to either the respondent or the motion court that he was even raising such a claim.  Thus, the state courts did not have the opportunity to, and did not, assess a federal claim of actual innocence.  Thus, a federal habeas court cannot review this claim.  <u>See</u> 28 U.S.C. § 2254(a).

In any event, petitioner's claim lacks merit.  As a preliminary matter, the federal courts have never held that there can be an independent free-standing claim of innocence

52

that would entitle a petitioner such as the one here to habeas relief.   See District Attorney's Office v. Osborne, ___ U.S. ___, 129 S.Ct. 2308, 2321 (2009).   Even if actual innocence alone was a valid ground for a habeas court to consider, "the threshold for showing such an assumed right would necessarily be extraordinarily high."   See Herrera v. Collins, 506 U.S. 390, 417 (1993).

Regardless, petitioner is not actually innocent, whether he asserts this innocence as a free-standing claim or as a basis to overcome his numerous procedural defaults discussed earlier and throughout respondent's opposition to the petition for a writ of habeas corpus.   "To be credible, such a claim [of probable innocence] requires the petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial . . . . such claims are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Lebron v. Mann, 40 F.3d 561, 565-66 (2d Cir. 1994) (discussing heavy burden petitioner must overcome to meet actual innocence standard).   Indeed, for petitioner to prevail on his claim, he "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

53

Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007); cert. denied.
552 U.S. 1150 (2008) (quoting Dunham v. Travis, 313 F.3d 724,
730 [2d Cir. 2002]).

Given the existence of explicit photographs of petitioner
committing sexual acts against his daughter, petitioner's
argument that he is actually innocent of the charges cannot be
taken seriously.[10]

Moreover, petitioner's statement at his sentencing
proceeding that he was pleading guilty because it was "easier"
on his family was not a claim of actual innocence. Contrary to
petitioner's contention, his statement related to the fact,
noted by the court (P.15), that his daughter would not have to
testify in court as a result of his plea. After making that
statement, petitioner went on to tell the court that he was "so
sorry for what I did and what I have done. I am sorry" (S.16).
That, in conjunction with the photographs and his full
allocution at his plea proceeding, assures this Court that
petitioner is guilty of the charges against him.

Furthermore, the letters on petitioner's behalf were
submitted to the court prior to petitioner's sentence and are

---

[10] These photographs were not admitted into evidence at any state
court proceedings because petitioner pled guilty prior to such
proceedings.

not newly discovered evidence.  His wife's letter, read into the record by the court at the sentencing proceeding, is in no way exculpatory.  She was not a witness to any of the crimes, admitted that she could not explain the sexually explicit photographs of her husband and daughter, and was merely expressing an opinion and a possible explanation for his criminal acts.

The letters from petitioner's daughter were submitted to the court and were discussed at the sentencing proceeding. Although the daughter claimed in them that her father did not sexually abuse her, those belated assertions are directly contradicted by her statement to the police, her grand jury testimony, and, of course, the photographs.  Indeed, in her letters, petitioner's daughter acknowledged that her father took photographs of her.  See Motion to Vacate Judgment, Exhibit 1, Affidavits of March 23, 2006 and December 28, 2006. Petitioner's attorney specifically stated at the sentencing proceeding that the daughter's statements "that appeared to be exculpatory" in her letters were discussed with petitioner and were investigated; nevertheless, petitioner's attorneys advised him, and he agreed, that pleading guilty was a wiser course than going to trial (S.13).

Finally, when given the opportunity to speak at the sentencing proceeding, petitioner never raised any claim of actual innocence. To the contrary, his statement was the exact opposite of what an actually innocent person would say: he apologized to the court "for what I did and what I have done. I am sorry" (S.16). This procedurally barred claim is meritless.

Case 1:10-cv-05695-CBA-LB  Document 8  Filed 04/04/11  Page 74 of 80 PageID #: 195

## POINT ELEVEN

PETITIONER'S CONTENTION THAT HIS PERIOD OF POST-RELEASE SUPERVISION SHOULD HAVE BEEN INCLUDED WITHIN HIS FIFTEEN-YEAR TERM OF INCARCERATION IS PROCEDURALLY BARRED AND MERITLESS (responding to Ground Eleven of the Petition).

Petitioner repeats his claim that his plea was involuntary due to the ineffective assistance of his attorneys. Respondent relies on its arguments advanced in Points One, Four, and Five, above. In addition, for the first time, petitioner raises the claim that the post-release component of his sentence should have been included within his fifteen-year term of incarceration. This claim should be deemed exhausted and procedurally barred.

Before a federal court may consider the merits of a claim raised in a federal habeas corpus petition, the petitioner must have fairly presented the same claim in the state courts. See 28 U.S.C. § 2254(b), (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (citing Picard v. Connor, 404 U.S. 270, 275 [1971]). Because this claim was never raised in any of the state courts, and petitioner further does not allege any federal constitutional issue related to it, he no longer has the ability to raise this particular claim in the state courts, and this state procedural default also bars review in this federal habeas

corpus proceeding.  See Castille v. Peoples, 489 U.S. 346, 351-52; Teague v. Lane, 489 U.S. 288, 297-98 (1989).

In any event, petitioner's argument is meritless.  He erroneously argues that his fifteen-year sentence required that the period of post-release supervision be included within the fifteen-year prison term and that his time of incarceration be reduced accordingly so that his total period of imprisonment and post-release supervision add up to a total of fifteen years.

A review of New York's sentencing statutes shows that petitioner's argument is incorrect.  The first three felony charges to which he pleaded guilty -- rape in the first degree (N.Y.P.L. § 130.35[4]) and criminal sexual act in the first degree (two counts) (N.Y.P.L. § 130.50[4]) -- are class B violent felony offenses under New York law (see N.Y.P.L. Law §§ 70.02[1][a], 70.80[1][d]), and, accordingly, the court was required to impose a determinate sentence for each count (see N.Y.P.L. § 70.02[2][a]). "When a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to this article." N.Y.P.L. § 70.45(1) (emphasis added); see People v. Catu, 4 N.Y.3d 242, 244 (2005). The period of post-release supervision begins "upon the person's release from imprisonment." N.Y.P.L. § 70.75(5)(a).

58

Therefore, this unexhausted and procedurally barred claim is also plainly without merit, as are all the numerous claims that precede it.

CONCLUSION


   DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE
SUMMARILY DENIED IN ITS ENTIRETY.


Dated:   Mineola, New York
         April 4, 2011



                         Respectfully submitted,

                         Kathleen M. Rice
                         District Attorney, Nassau County
                         Attorney for Respondent
                         262 Old Country Road
                         Mineola, New York 11501
                         (516) 571-3800


                 By:   Tammy J. Smiley


Tammy J. Smiley
Donald Berk
   Assistant District Attorneys
      of Counsel

## Certificate of Service

I hereby certify that, on April 4, 2011, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon:

Vinod Patel, #07-A-2244
Coxsackie Correctional Facility
P.O. Box 999
Rte. 9 West
Coxsackie, New York 12051-0999

Kathleen M. Rice
District Attorney, Nassau County
Attorney for Respondent
262 Old Country Road
Mineola, New York 11501
(516) 571-3800

By: Tammy J. Smiley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
VINOD PATEL,

                          Petitioner,

                                              CV-10-5695 (CBA)

          - against -


D. MARTUSCELLO,

                          Respondent.
----------------------------------------x

### Notice Regarding the Filing of Exhibits in Paper Form


     Exhibits in support of Respondent's Affidavit and Memorandum
of Law in opposition to the above-captioned habeas corpus
petition, which was filed electronically on April 4, 2011, are
being filed in hard copy.

                         Kathleen M. Rice
                         District Attorney, Nassau County
                         Attorney for Respondent
                         262 Old Country Road
                         Mineola, New York 11501
                         (516) 571-3800

                         By:   Tammy J. Smiley


Dated: April 4, 2011