UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 9 - 2016 ★
BROOKLYN OFFICE

------------------------------------------------------------x
VINOD PATEL,

              Petitioner,

- against -

SUPERINTENDENT D. MARTUSCELLO,

              Respondent.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-5695 (CBA) (LB)

**AMON, United States District Judge:**

Petitioner Vinod Patel, proceeding pro se, filed a petition for a writ of habeas corpus on December 2, 2010. The case was stayed while Patel exhausted claims in state court, and he filed an amended petition on July 29, 2014. The Court referred the petition to the Honorable Lois Bloom, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on May 12, 2015, recommending that Patel's petition be denied. Patel filed objections to the R&R on June 12, 2015. Having reviewed Patel's objections and considered certain issues de novo, the Court hereby adopts the R&R as the decision of the Court and denies Patel's petition.

## BACKGROUND

The Court assumes general familiarity with the underlying facts of the criminal case and the procedural background of this case as explained in Magistrate Judge Bloom's R&R. (D.E. # 51 ("R&R") at 2–5.) The Court recounts only those facts relevant to Patel's objections.

In 2006, Patel was arrested and charged in Nassau County with rape in the first degree, incest in the third degree, and two counts of criminal sexual act in the first degree. (D.E. # 8-2[1] ("Plea Minutes") at 2.) Patel states that he was arrested on March 3, 2006; arraigned on March 4,

---

[1] Due to an error in docketing the response, the document that appears as D.E. # 8-2 on the electronic docket is labeled D.E. # 8-3 once the file is opened. Throughout this opinion the Court refers to the docket entry numbers listed on the electronic docket, not the docket entry number that appears once the file is opened.

1

2006; and indicted on October 23, 2006. (D.E. # 35 ("Am. Pet.") at 5.) Patel entered a plea of guilty to all counts on November 30, 2006, and admitted to engaging in intercourse and other sexual acts with his daughter on three separate occasions between March 2004 and October 2005. (Plea Minutes at 16.) Before Patel entered his plea, his counsel requested that the court sentence him to fifteen years in prison, followed by five years of post-release supervision, (id. at 8–9), which would satisfy an agreement with the United States Attorney's Office for the Eastern District of New York that they would not prosecute Patel for federal crimes arising out of these incidents if he received a fifteen-year sentence, (id. at 2–5). The court accepted Patel's guilty plea, finding that it had been made knowingly, intelligently, and voluntarily. (Id. at 15–16.)

Patel was sentenced on January 11, 2007. (D.E. # 8-22 ("Sent. Tr.").) At Patel's sentencing, Mrs. Patel addressed the court and stated, among other things, that her husband did not have sex with her daughter. (Id. at 8.) After Mrs. Patel's statement, the court asked Patel if he wished to withdraw his plea and, after conferring with his counsel, Patel reaffirmed his plea of guilty, stating that it was "easier" on his family. (Id. at 11.) Patel's counsel then stated for the record that the potentially "exculpatory allegations" raised in Mrs. Patel's statement "were investigated, discussed with Mr. Patel, investigated beyond Mr. Patel, and when all was considered, including statements by the victim in this case that appeared to be exculpatory" he had recommended that Patel plead guilty. (Id. at 13.) He also reiterated that Patel had pled guilty in order to take advantage of the court's "pledge of a sentencing commitment" of fifteen years in order to avoid federal prosecution and asked the court to "abide by [its] promise." (Id. at 14, 16.) The court sentenced Patel to a determinate sentence of fifteen years, plus five years of post-release supervision, and was subject to an order of protection. (Id. at 18–19.)

After his direct and collateral appeals in New York state court were denied, Patel, proceeding pro se, filed the instant petition for a writ of habeas corpus on December 2, 2010. (D.E. # 1 ("Pet.").) On April 12, 2013, Patel requested a stay of the proceedings in order to further exhaust his remedies at the state level. (D.E. # 18.) The Court granted Patel's request on June 12, 2013, and administratively closed the case on August 12, 2013. (D.E. # 22, 23.) After Patel exhausted his claims at the state level, the Court lifted the stay on July 11, 2014, and directed him to file an amended petition, (D.E. # 32), which he did on July 29, 2014, (Am. Pet.).

In his petition, reply, amended petition, and various letters submitted to the Court, Patel claims he is entitled to relief because: the police lacked probable cause to arrest him and the court failed to hold a probable cause hearing; his confession was obtained in violation of his Miranda rights and due process rights; the felony complaint against him was uncorroborated and unsigned; he was not properly informed of the nature of the offense and cause of the accusation in violation of the Sixth Amendment; he did not consent to the waiver of his preliminary hearing; he was deprived of a speedy trial in violation of New York law and the Sixth Amendment; the grand jury indictment was not properly signed by the foreperson of the grand jury in violation of New York law; the prosecution engaged in prosecutorial misconduct; his plea was not voluntary, knowing, and intelligent; his sentence was excessive under New York law and the Eighth Amendment and departed from the judge's previous promise of eleven years; the order of protection placed upon him and the terms of his post-release supervision are excessive; his counsel were ineffective both before and in connection with his plea; and he is actually innocent.

The Court referred Patel's petition to Judge Bloom, who issued an R&R on May 12, 2015. In the R&R, Judge Bloom recommends that the Court deny Patel's state-law claims because habeas relief does not lie for errors of state law; deny Patel's claims relating to his arrest, his post-arrest

3

statements, and prosecutorial misconduct before the grand jury because a defendant that has entered a plea of guilty may not raise claims relating to deprivation of constitutional rights that occur prior to the entry of a guilty plea; deny Patel's claim that he received ineffective assistance of counsel because Patel fails to show that counsel's performance fell below objective standards of reasonableness; deny Patel's claim that his guilty plea was not voluntary, knowing, and intelligent based on the statements made by Patel, his counsel, and the court at his plea hearing and because Patel failed to show he received ineffective assistance of counsel; deny Patel's claim that his sentence and post-supervision release were excessive under federal law because his claims are unexhausted and meritless, insofar as they were within the range of permissible punishment under New York law and his sentence was specifically requested by Patel's counsel in order to avoid federal prosecution; deny Patel's claim that the protective order was improper because protective orders are incident to a criminal proceeding rather than part of the sentence imposed and the length of the protective order does not raise any constitutional concerns; and deny Patel's claims of actual innocence because the letters from the victim—his daughter—he claims constitute newly-discovered evidence supporting his innocence are insufficient to support a constitutional claim.

After the Court granted him an extension of time to file objections, Patel filed objections to the R&R on June 12, 2015, (D.E. # 53 ("Obj.")), which the Court now considers.

## DISCUSSION

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of

the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Although the Court is mindful that "[t]he objections of parties appearing pro se are generally accorded leniency," Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (internal quotation marks and citation omitted), "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal," Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (internal quotation marks and citation omitted).

I.  **Patel's Objections**

Patel primarily regurgitates arguments already raised in previous filings, rather than raising specific objections to conclusions in Magistrate Judge Bloom's R&R. In one instance, Patel raises a new claim that was not presented to the magistrate judge: he claims that the prosecution's failure to turn over his daughter's letters recanting her previous statements constituted a Brady violation. (Obj. at 13.) The Court need not consider this objection. See Kruger v. Virgin Atlantic Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge."). Even if the Court considered this objection, it is neither exhausted nor does it have any merit. Patel's counsel was well aware of the potentially exculpatory statements by Patel's daughter prior to Patel's sentencing. Patel's counsel clearly stated on the record that he had investigated and discussed these letters with Patel prior to his plea. (Sent. Tr. at 13.) It is also worth noting that Patel was given the opportunity to withdraw his plea and declined. (Id. at 10–11.) See United

5

States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001) (reiterating "the longstanding constitutional principle that if a defendant possess Brady evidence in time for its effective use, the government has not deprive the defendant of due process of law simple because it did not produce the evidence sooner").

Liberally construing his remaining objections, the Court concludes that Patel has raised a number of specific objections to the R&R that require de novo review. Patel objects that the R&R failed: (1) to consider three documents he filed, D.E. # 20, 27, and 30; (2) to address his Sixth Amendment speedy trial claim; (3) to address his claim that he was not permitted to testify at the grand jury and that his indictment was not signed by the foreperson; and (4) to consider his claim that his counsel was ineffective for failing to make certain motions and investigations before his plea and for failing to pursue the court's previous promise to sentence him to eleven years rather than fifteen years imprisonment. The Court addresses each objection in turn and, where appropriate, addresses the underlying claims de novo.

### a. Additional Documents

Patel objects that the R&R failed to consider certain documents he submitted to the Court, specifically D.E. # 20, 27, and 30. (Obj. at 1.) Patel claims that these submissions "consist of issues that are important to consider and review." (Id.) Having reviewed these documents, the Court finds that they do not offer any new or material information not contained in other filings explicitly considered by the R&R. For this reason, this objection is without merit.

### b. Speedy Trial

Patel objects that the R&R failed to consider whether the delay between his arrest and his indictment violated his Sixth Amendment right to a speedy trial. (Obj. at 2.) Patel is correct that the R&R only addressed his speedy trial claims under New York law. The Court therefore

addresses this issue de novo. The Court concludes, however, that by pleading guilty without raising the speedy trial claim, Patel waived his right to raise the issue by collateral attack in federal court. Bergin v. MacDougall, 432 F.2d 935, 935–36 (2d Cir. 1970); United States v. Yousef, 750 F.3d 254, 260 (2d Cir. 2014). The Court, therefore, need not reach the merits of Patel's speedy trial claim. Even if the Court addressed the merits of Patel's claim, however, Patel would not be entitled to relief.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "That right protects both the accused's interest in 'decent and fair procedures and the public's interest' in a speedy adjudicative system." United States v. Moreno, 789 F.3d 72, 77–78 (2d Cir. 2015) (citing Barker v. Wingo, 407 U.S. 514, 519 (1972)). The Supreme Court has made clear that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." United States v. Marion, 404 U.S. 307, 320 (1971). "Where arrest takes place before indictment, 'there is substantial authority that the right (to a speedy trial) attached upon arrest.'" United States v. Colitto, 319 F. Supp. 1077, 1079 (E.D.N.Y. 1970) (citing Dickey v. Florida, 398 U.S. 30, 43 (1970) (concurring opinion)). Courts have thus held that delays between arrest and indictment fall within the ambit of the Sixth Amendment. See id. The relevant period of delay for Patel's Sixth Amendment claim is the delay between his arrest and indictment.

In determining whether a defendant's right to a speedy trial under the Sixth Amendment has been violated by a delay, courts consider the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. Barker, 407 U.S. at 530. None of the four factors is a necessary or sufficient condition

to finding a defendant was deprived of his right to a speedy trial. Id. at 533. The length of the delay, however, "is to some extent a triggering mechanism." Id. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors," and "the length of the delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Id.

Here, Patel claims that there was a delay of 234 days—almost 8 months—between his arrest and his indictment. Even if this period was sufficient to trigger review of the remaining factors, the other Barker factors do not weigh in his favor. As the prosecution notes, Patel's counsel requested "virtually all of the adjournments" that gave rise to the delay. (D.E. # 41 at xv, 29; D.E. # 41-2, Ex. D.) Patel has offered no evidence that he objected to the delays or that the delay was prejudicial to his case. The Court therefore concludes that the pre-indictment delay did not violate Patel's Sixth Amendment rights and that he is not entitled to relief on this ground.[2]

### c. Grand Jury

Patel correctly notes that the R&R failed to address the fact that he was not permitted to testify before the grand jury and that his indictment was not signed by the foreperson in violation of New York and federal law. (Obj. at 2.) The Court addresses this issue de novo.

Petitioner's claims that he was denied the right to testify in front of the grand jury and that his indictment was not signed by the foreperson of the grand jury do not raise federal constitutional claims. Both the right to testify before the grand jury and the requirement that an indictment be signed by the foreperson are state statutory rights. N.Y. C.P.L. § 190.50(5); N.Y. C.P.L.

---

[2] Even if the Court liberally construed Patel's claim of pre-indictment delay as a claim under the Due Process Clause, his claim would be without merit. The Due Process Clause is violated by a pre-indictment delay only if it is shown that the pre-indictment delay "caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." Marion, 404 U.S. at 324. As noted above, Patel has not and, based on the Court's review of the record, could not show that he suffered any prejudice from the delay. The Court therefore denies Patel's potential claim that the pre-indictment delay violated his due process rights.

§ 200.50(9). As explained in the R&R, violations of state law are not cognizable on habeas review absent a claim that the error in state law resulted in a violation of a federal constitutional right to due process. (R&R at 7 (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991); Howard v. Walker, 406 F.3d 114, 121 (2d Cir. 2005)).) Moreover, Patel's guilty plea bars federal constitutional claims that "preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). By admitting to the factual elements of the charge against him by entering a plea of guilty, any alleged errors in the grand jury proceeding which led to his indictment are rendered harmless. Miller v. New York, 275 F. Supp. 2d 294 (E.D.N.Y. 2003) (citing Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989)). The Court therefore concludes that Patel's claims based on the grand jury proceedings fail to assert federal constitutional issues and that he is not entitled to relief on these grounds.

### d. Ineffective Assistance of Counsel

Patel claims that the R&R failed to consider his allegations that his counsel was ineffective outside of the plea context. Patel is correct that the R&R focused on whether his counsel was effective in providing advice regarding his plea. However, the Supreme Court has made clear that "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for collateral relief." Tollett, 411 U.S. at 267. The only relevant issue on collateral appeal is whether counsel's advice to plead guilty without conducting inquiries into the issues Patel identifies was "within the range of competence demanded of attorneys in criminal cases." Id. at 266, 268. The R&R concluded, and this Court agrees, that in light of the significant evidence against him, the severity of the charges and potential punishments, and the possibility of federal prosecution, counsel's advice regarding Patel's guilty plea was well within the range of competence. (R&R at 17–18.) The Court therefore concludes

that counsel's alleged pre-plea failures did not deprive Patel of effective assistance of counsel and do not entitle him to relief.

Patel also claims that the R&R failed to consider whether his counsel was ineffective for failing to enforce the court's previous promise to sentence him to eleven, rather than fifteen, years. As discussed above, however, Patel's counsel specifically requested the fifteen-year sentence in order to avoid federal prosecution. The Court cannot conclude that this decision fell below an objective standard of reasonableness. Nor can Patel claim that he was not appropriately apprised of this change prior to entering his plea. Patel's counsel clearly requested this change on the record at Patel's plea hearing and the court reiterated the new sentence prior to Patel's plea. (See Plea Minutes at 2–4, 6, 11.) The Court therefore concludes that counsel's alleged failure to enforce a previously promised sentence did not deprive Patel of effective assistance of counsel and does not entitled him to relief.

* * *

The Court has reviewed the remainder of the R&R's conclusions for clear error. Finding none, the Court adopts the R&R's findings and denies Patel's petition.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Bloom's recommendation that Patel's habeas petition be denied. Since Patel has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

Dated: August 8, 2016
      Brooklyn, New York

Carol Bagley Amon
United States District Judge